IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SERGIO LAZO and ROBERT MEJIA, Individually and on behalf of all others similarly situated | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. _____ |
| v. | § § § | |
| M&G USA CORPORATION D/B/A/ MOSSI & GHISOLFI USA CORPORATION, M&G CHEMICALS AND INTEGRITY MECHANICAL SPECIALISTS LLC D/B/A IMS – INTEGRITY MECHANICAL SPECIALISTS LLC | § § § § § § § | JURY TRIAL |
| *Defendants* | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Sergio Lazo and Robert Mejia bring this action individually and on behalf of all current and former employees (hereinafter "Plaintiffs and the Putative Class Members") of M&G USA Corporation d/b/a Mossi & Ghisolfi USA Corporation (hereinafter "M&G"), M&G Chemicals (hereinafter "M&G Chemicals") and Integrity Mechanical Specialists, LLC d/b/a IMS – Integrity Mechanical Specialists LLC (hereinafter "IMS") (collectively "Defendants"), to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1.1     This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2     Plaintiffs and the Putative Class Members are those persons who are current and former non-exempt employees of Defendants who worked at the M&G Chemicals facility in Corpus Christi, Texas (hereinafter the "Corpus Christi Facility") within the last three years.

1.3     Plaintiffs and the Putative Class Members routinely work (and worked) in excess of 40 hours per workweek.

1.4     Defendants have knowingly and deliberately failed to timely compensate Plaintiffs and the Putative Class Members for all hours worked in excess of forth (40) each workweek on a routine and regular basis in the last three years. To make matters worse, Defendants have recently failed to compensate Plaintiffs and the Putative Class Members at all.

1.5     The FLSA requires that minimum wage and overtime compensation earned during a workweek must be paid on the regular payday for the period in which the workweek ends. *See* 29 C.F.R. § 790.21(b); *see also* 29 C.F.R. § 778.106.

1.6     Therefore, Defendants' late payment of overtime, and in some cases no payment at all, violates the FLSA.

1.7     Plaintiffs and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1]

1.8     Plaintiffs and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.9     Plaintiffs also pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

## II.
## THE PARTIES

2.1 Plaintiff Sergio Lazo ("Lazo") has been employed by Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period.[2]

2.2 Plaintiff Robert Mejia ("Mejia") has been employed by Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period.[3]

2.3 The Putative Class Members are those current and former non-exempt employees of Defendants who were subjected to the same illegal pay system under which Plaintiffs have worked and were paid.

2.4 Defendant M&G USA Corporation d/b/a Mossi & Ghisolfi USA Corporation ("M&G") is a foreign for-profit corporation, having its having its principal place of business in Apple Grove, West Virginia, and may be served with process through its registered agent for service, Arthur B. Kotch, 1401 McKinney Street, Suite 1700, Houston, Texas 77010.

2.5 Defendant M&G Chemicals ("M&G Chemicals"), upon information and belief, is a wholly-owned subsidiary of M&G, having its principal place of business in Corpus Christi, Texas, and may be served with process through M&G's registered agent for service, Arthur B. Kotch, 1401 McKinney Street, Suite 1700, Houston, Texas 77010.

2.6 Defendant Integrity Mechanical Specialists, LLC d/b/a IMS – Integrity Mechanical Specialists LLC ("IMS") is a foreign limited liability company, having its principal place of business in Rock Hill, South Carolina, and may be served with process through its registered agent for service, MiddletonRaines + Zapata, LLP, 9235 Katy Freeway, Suite 400, Houston, Texas 77024.

---

[2] The written consent of Sergio Lazo is attached hereto as Exhibit "A."

[3] The written consent of Robert Mejia is attached hereto as Exhibit "B."

2.7     Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Plaintiffs and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2     This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this district.

3.3     Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4     Specifically, the Corpus Christi Facility is located in Nueces County, Texas, which is located within this District and Division.

3.5     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the

production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4 During the respective periods of Plaintiffs and the Putative Class Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce.

4.5 In performing the operations hereinabove described, Plaintiffs and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6 Specifically, Plaintiffs and the Putative Class Members are (or were) **_non-exempt_** employees of Defendants who were engaged in welding, pipe fitting, iron work and millwright services for Defendants and their customers. 29 U.S.C. § 203(j).

4.7 At all times hereinafter mentioned, Plaintiffs and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.8 The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former employees of M&G USA Corporation d/b/a Mossi & Ghisolfi USA Corporation, M&G Chemicals and Integrity Mechanical Specialists LLC d/b/a IMS – Integrity Mechanical Specialists LLC, who worked at the Corpus Christi Facility at any time in the last three years."

4.9     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

## V.
## FACTS

5.1     The Mossi Ghisolfi Group, which includes Defendant M&G, was established in 1953 in Italy and is among the world's three largest producers of PET or packing applications.[4]

5.2     PET, or polyethylene terephthalate, is a thermoplastic, polymer resin used to make synthetic fibers and liquid containers, including those for soft drinks, water and cooking oils.

5.3     Defendant M&G Chemicals is a wholly-owned subsidiary of Defendant M&G and has been constructing the world's largest PTA/PET plant in Corpus Christi, on the Corpus Christi Facility began in 2011 and is nearing completion.[5]

5.4     Defendant IMS provides welding, pipe fitting, iron work, and millwright services to various large-scale construction projects throughout the United States.

5.5     Defendants directly or indirectly hired Plaintiffs and the Putative Class Members, controlled their work schedules and conditions of employment, and determined the rate and method of the payment of wages.

5.6     Defendants maintained control, oversight, and direction over Plaintiffs and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

5.7     Defendants mutually benefitted from the work performed by Plaintiffs and the Putative Class Members.

---

[4] *See* http://www.mgcorpuschristi.com/en, *see also* http://www.gruppomg.com/en/about/group-profile.

[5] *Id.*

5.8     Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiffs and the Putative Class Members.

5.9     Defendants shared the services of Plaintiffs and the Putative Class Members.

5.10    Defendants acted directly or indirectly in the interest of each other in relation to Plaintiffs and the Putative Class Members.

5.11    Specifically, Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of the respective Defendants and/or their clients.

5.12    Moreover, all Defendants have the power to hire and fire Plaintiffs and the Putative Class Members; supervise and control Plaintiffs and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

5.13    As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

5.14    To provide their services, Defendants employed Plaintiffs and hundreds of similarly situated hourly workers (Putative Class Members) at the Corpus Christi Facility – all of these individuals make up the potential or putative class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work at the Corpus Christi Facility.

5.15    Plaintiffs and the Putative Class Members regularly worked in excess of forty (40) hours per week but often did not receive their overtime pay until weeks and months later in violation of the most basic tenets of the FLSA—that is, a day late truly is a dollar short.

5.16    To make matters worse, as of December 8, 2016, Plaintiffs and the Putative Class Members have not been paid at all for their work that was performed during the pay period of

November 27, 2016 through December 3, 2016.[6]

5.17  Accordingly, Defendants' pay policies and practices violated (and continue to violate) the FLSA.

## VI.
## CAUSES OF ACTION

**A.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1  Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without (a) compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed and (b) not compensating such non-exempt employees the amount of overtime compensation they should have been paid on the next scheduled pay date.

6.2  Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of (a) failing to timely pay Plaintiffs and other similarly situated employees overtime compensation for all of the overtime hours they worked and (b) failing to pay Plaintiffs and other similarly situated employees for any of the hours they worked in certain workweeks. 29 U.S.C. § 255(a).

6.3  Defendants knew or should have known their pay practices were in violation of the FLSA.

6.4  Defendants are sophisticated parties and employers, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

---

[6] A true and correct copy of Plaintiff Loza's December 9, 2016 Pay Stub (for which he has yet to receive any compensation) is attached hereto as Exhibit "C" and incorporated as if set forth fully herein.

6.5 Plaintiffs and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay them according to the law.

6.6 The decisions and practices by Defendants to not timely pay overtime and in some cases not pay for any hours worked at all was neither reasonable nor in good faith.

6.7 Accordingly, for any workweeks in which no compensation was paid at all, Plaintiffs and the Putative Class Members are entitled to be paid their hourly rate for all straight time hours up to forty (40) hours, and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

6.8 For any workweeks in which Plaintiffs and the Putative Class Members worked in excess of forty (40) hours per workweek and did not receive overtime compensation on the next scheduled pay date, Plaintiffs and the Putative Class Members are entitled to liquidated damages in an amount equal to their overtime compensation, plus attorneys' fees and costs.

**B.  COLLECTIVE ACTION ALLEGATIONS**

6.9 Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendants' employees who are (or were) similarly situated to Plaintiffs with regard to the work they have performed and the manner in which they have been untimely paid or, in some cases, not paid at all.

6.10 Other similarly situated employees of Defendants have been victimized by Defendant's patterns, practices, and policies, which are in willful violation of the FLSA.

6.11 The Putative Class Members are "all current and former employees of M&G USA Corporation d/b/a Mossi & Ghisolfi USA Corporation, M&G Chemicals and Integrity Mechanical Specialists LLC d/b/a IMS – Integrity Mechanical Specialists LLC, who worked at the Corpus Christi Facility at any time in the last three years."

6.12 Defendants' failure to timely pay overtime wages for all of the overtime hours worked and, in some cases, the failure to pay at all, results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of the Plaintiffs and Putative Class Members.

6.13 Thus, Plaintiffs' experiences are typical of the experiences of the Putative Class Members.

6.14 The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.15 All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.16 Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.17 Accordingly, the class of similarly situated plaintiffs is defined as:

**ALL CURRENT AND FORMER EMPLOYEES OF M&G USA CORPORATION D/B/A/ MOSSI & GHISOLFI USA CORPORATION, M&G CHEMICALS AND INTEGRITY MECHANICAL SPECIALISTS LLC D/B/A IMS – INTEGRITY MECHANICAL SPECIALISTS LLC, WHO WORKED AT THE CORPUS CHRISTI FACILITY AT ANY TIME IN THE LAST THREE YEARS.**

## VII.
## RELIEF SOUGHT

7.1 Plaintiffs respectfully pray for judgment against Defendants as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiffs (and those who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who have joined in the suit);

e. For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

f. For an Order awarding Plaintiffs (and those who have joined in the suit) attorneys' fees;

g. For an Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order compelling the accounting of the books and records of Defendants; and

i. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**ANDERSON2X, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**ATTORNEYS IN CHARGE FOR PLAINTIFFS AND PUTATIVE CLASS MEMBERS**